IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HUGO A. VILLANUEVA,

     **Plaintiff,**

     v.                               **CASE NO. 25-3163-JWL**

JOHNSON COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Hugo A. Villanueva is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff's Complaint was filed on August 15, 2025, and provides an address for Plaintiff at the El Dorado Correctional Facility in El Dorado, Kansas. Pursuant to the Kansas Department of Corrections, Plaintiff has been incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, since August 4, 2025. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges in his Complaint that he was charged as an adult in his state criminal case. (Doc. 1, at 2.) Plaintiff alleges that he did not commit the crime, and Johnson County and the State of Kansas did not have jurisdiction to prosecute and convict him. *Id*. Plaintiff alleges that he was sent to prison as a child and has suffered from horrible violence resulting in irreversible psychological damage and severe PTSD. *Id*.

Plaintiff alleges cruel and unusual punishment, and violations of due process and equal protection. *Id*. at 3.  Plaintiff alleges that he and a friend were pulled over by police when Plaintiff was 17 years old.  *Id*. at 4.  Plaintiff told the officers that his name was Javier Rodriguez, with a date of birth that would have made him 19 years old at the time.  *Id*.  Plaintiff acknowledges that he gave the officers a fake name and he was arrested and transported to the county jail. *Id*.  Plaintiff was charged with burglary.  *Id*.  Plaintiff claims that at the jail, Plaintiff told the booking officer his real name and date of birth.  *Id*.  A couple of days later Plaintiff talked to a detective and consented to two swab tests. *Id*.  Plaintiff alleges that he gave the detective his real name and date of birth.  *Id*. Plaintiff also alleges that he also provided his true identity in court in Case No. 07CR2866.  *Id*. at 4–5.

Plaintiff alleges that he was processed and convicted as an adult and served three years in an adult prison before his conviction was vacated.  *Id*. at 5.  Plaintiff alleges that while in prison he suffered from horrible violence, beatings, staff mistreatment, and was sexually assaulted, resulting in irreversible psychological damage and severe PTSD.  *Id*.

Plaintiff names the Johnson County District Attorney's Office and the State of Kansas as defendants.  Plaintiff seeks $1,000,000,000,000 in damages. *Id*. at 7.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d

1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff's Complaint contains a single count. As Count I, he alleges "constitutional right to life, freedom from cruel and unusual punishment, fundamental fairness, due process, and equal protection." (Doc. 1, at 3.) Plaintiff then states "See US Const. Amends. V, VI, VII, XIII, XIV." *Id*. at 4. Plaintiff does not elaborate on any of these claims, and he does not name any individuals as defendants. Plaintiff names the Johnson County District Attorney's Office and the State of Kansas as defendants.

If Plaintiff is asserting an Eighth Amendment claim based on his conditions of confinement while in the custody of the Kansas Department of Corrections ("KDOC") serving his sentence in

his 2007 state criminal case, the claims appear to be barred by the applicable statute of limitations. In addition, Plaintiff has not named any KDOC staff or officials as defendants.

Plaintiff's state criminal case was filed on November 6, 2007.  *See State v. Rodriguez*, Case No. 07CR02866 (District Court of Johnson County, Kansas).  The docket reflects that bail was posted on February 8, 2008.  *See id*.  On April 28, 2008, Plaintiff entered a guilty plea, tested positive on a urinalysis, and bond was revoked.  *Id*.  An entry on May 7, 2008, reflects that bond was reinstated and Plaintiff was ordered to enter "ASSC of HOPE HARBOR TREATMENT."  *Id*. On July 3, 2008, Plaintiff was sentenced to KDOC custody for a period of 32 months, with probation granted for 36 months, and Plaintiff to serve 10 days of "Shock Time."  *Id*. Plaintiff's case was processed to community corrections on his probation order.  *Id*.  A motion to revoke probation was filed on November 19, 2008.  *Id*.  On December 23, 2008, Plaintiff failed a urinalysis and was placed on house arrest.  *Id*.  Plaintiff pleaded guilty to the probation violation on February 5, 2009, and was taken into custody to serve his sentence.  A transport order was entered on March 25, 2009.  *Id*.  Plaintiff's motion to vacate his sentence for lack of subject matter jurisdiction was filed on August 6, 2024.  *Id*.  Plaintiff's age-related documents were filed on August 14, 2024.  *Id*.  In *State v. Villanueva*, Case No. 11CR001404, Plaintiff was found guilty of various offenses committed on November 6, 2011.  *See  State v. Villanueva*, Case No. 11CR001404 (District Court of Wyandotte County, Kansas) (filed November 7, 2011).

Plaintiff should clarify which of his constitutional rights he is claiming were violated.  If Plaintiff is raising claims regarding the conditions of his confinement while he was in KDOC custody serving his sentence for Case No. 07CR002866, it appears that he was in KDOC custody from around March 2009 to sometime before he committed the offenses on November 6, 2011.

Any claims regarding his conditions of confinement appear to be barred by the applicable statute of limitations.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that any claims regarding Plaintiff's conditions of confinement are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on August 15, 2025. Plaintiff's alleged violations

occurred from 2009 to 2011. It thus appears that any events or acts taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

Plaintiff's sole count in his Complaint states a claim for "constitutional right to life, freedom from cruel and unusual punishment, fundamental fairness, due process, and equal protection." (Doc. 1, at 3.) The Court has found that any claim based on alleged cruel and unusual punishment during his incarceration would be barred by the statute of limitations. Furthermore, Plaintiff has not named any KDOC staff or officials as defendants.

Plaintiff names the Johnson County District Attorney's Office and the State of Kansas as the sole defendants and seeks $1,000,000,000,000 in damages. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

"[C]ounty district attorneys work for the state, not the county." *Wanjiku v. Johnson Cty.*, 173 F. Supp. 3d 1217, 1236 (D. Kan. 2016) (citing K.S.A. § 22a-101(a)[1] (stating the district attorney is the "executive officer of the judicial district in which he is elected" and "in no event shall said district attorney be deemed an officer of any county"); *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1347 (D. Kan.1994) (holding that "county district attorneys are officers of the state," to which the Eleventh Amendment gives them immunity from suit, unlike county officers)); *see also Gray v. Bennett*, 2023 WL 8599346, at *3 (D. Kan. 2023) (citations omitted) ("The District Attorney's Office, like prison and jail facilities, is not a proper defendant because it is not a 'person' subject to suit for money damages under § 1983."); *Macias v. Griffin*, 612 F. App'x 532, 534 (10th Cir. 2015) (unpublished) ("Dismissal of the claims against the district attorney's office was also appropriate because it is a state office that is both protected by the Eleventh Amendment and not subject to suit under § 1983.").

In addition, prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Supreme Court has held that prosecutors enjoy absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Neighbors v. Lawrence Police Dep't.*, 2016 WL 3685355, at *9 (D. Kan. July 12, 2016) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)). "This prosecutorial immunity is limited, however, to actions that

---

[1] The statute establishes the office of district attorney for the state's judicial districts 3, 10, 18 and 29, and abolishes the office of county attorney for those judicial districts. K.S.A. § 22a-101(a) and (b). Those judicial districts are for the following counties: 3rd Judicial District – Shawnee; 10th Judicial District – Johnson; 18th Judicial District – Sedgwick; and 29th Judicial District – Wyandotte. *See* https://kscourts.gov/About-the-Courts/District-Courts (last visited Oct. 8, 2025).

'involve the prosecutor's role as advocate . . . rather than his [or her] role as administrator or investigative officer . . . .' " *Id*. (quoting *Imbler*, 424 U.S. at 491 (citation and internal quotation marks omitted)).

In filing an amended complaint, Plaintiff must clarify his claims. A list of constitutional amendments is not sufficient to state a claim. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3163-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the

amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 10, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 10, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated October 8, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**