**FILED**
**U.S. District Court**
**District of Kansas**
07/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HUGO A. VILLANUEVA,

      **Plaintiff,**

      v.                            **CASE NO. 25-3163-JWL**

JOHNSON COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On October 8, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 8), and on December 16, 2025, the Court entered a Memorandum and Order (Doc. 9) ("M&O") screening Plaintiff's Amended Complaint and ordering officials from the Johnson County District Attorney's Office ("JCDAO Officials") to prepare a *Martinez* Report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The *Martinez* Report (Doc. 14) (the "Report") was filed, and on June 25, 2026, the Court entered a Memorandum and Order (Doc. 19) ("M&O") finding that Plaintiff's malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche survive screening and may move forward. The Court also found that Plaintiff's remaining claims were subject to dismissal and granted Plaintiff until **July 27, 2026,** in which to show good cause, in writing to the

1

undersigned, why Plaintiff's remaining claims should not be dismissed for the reasons set forth in the M&O.

Plaintiff has not responded to the M&O and instead has filed an "Amended Complaint" (Doc. 20). In his proposed amended complaint, Plaintiff sets forth five counts, none of which clearly set forth a malicious prosecution claim against Stein or Dyche—the two claims that the Court found survived screening. Plaintiff then attaches mental health records to his proposed amended complaint.

Plaintiff has already filed an Amended Complaint in this case (Doc. 8), and the Court did not grant Plaintiff leave to file a second amended complaint. Instead, Plaintiff is required to show good cause why his remaining claims should not be dismissed for the reasons set forth in the Court's M&O at Doc. 19. The Court will direct the Clerk to strike Plaintiff's unauthorized amended complaint at Doc. 20 and will grant Plaintiff additional time to respond to the Court's M&O at Doc. 19. Plaintiff's Amended Complaint at Doc. 8 remains the operative complaint in this case.

The M&O ordered Plaintiff to: show good cause why his claims against the Johnson County District Court should not be dismissed; show good cause why any claim he is asserting based on the Kansas statutes or the *Breedlove* and *Mayfield* decisions should not be dismissed for failure to state a claim; show good cause why any claim based on cruel and unusual punishment, the right to life, fundamental fairness, or equal protection should not be dismissed for failure to state a claim; show good cause why any due process claim based on a *Brady* violation should not be dismissed for failure to state a claim; show good cause why any claim under § 1983 against his defense attorneys should not be dismissed for failure to state a claim; show good cause why his claims in Counts V and VI should not be dismissed for failure to state a claim; show good cause

why his claims against his probation officer should not be dismissed; and show good cause why his claim against the Johnson County Probation Office should not be dismissed for failure to state a claim.

The Court ordered Plaintiff to "show good cause why all of his claims, with the exception of his malicious prosecution claims, should not be dismissed for the reasons set forth in this Memorandum and Order." (Doc. 19, at 20.) The Court will grant Plaintiff an extension of time to respond to the M&O. The failure to respond by the new deadline may result in the dismissal of his claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Clerk is directed to **strike** Plaintiff's unauthorized proposed amended complaint at Doc. 20.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **August 21, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, should not be dismissed for the reasons set forth in the Court's Memorandum and Order at Doc. 19.

**IT IS SO ORDERED**.

**Dated July 21, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
