**FILED**
**U.S. District Court**
**District of Kansas**
09/11/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HUGO A. VILLANUEVA,**

**Plaintiff,**

**v.** **CASE NO. 25-3163-JWL**

**JOHNSON COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. On June 25, 2026, the Court entered a Memorandum and Order (Doc. 19) ("M&O") finding that Plaintiff's malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche survive screening and may move forward. The Court also found that Plaintiff's remaining claims were subject to dismissal and granted Plaintiff until July 27, 2026, in which to show good cause, in writing to the undersigned, why Plaintiff's remaining claims should not be dismissed for the reasons set forth in the M&O. The deadline for Plaintiff to respond was extended to August 21, 2026, and further extended to August 31, 2026. (Docs. 22, 25.) Plaintiff has failed to respond to the M&O by the deadline.

The M&O ordered Plaintiff to: show good cause why his claims against the Johnson County District Court should not be dismissed; show good cause why any claim he is asserting based on the Kansas statutes or the *Breedlove* and *Mayfield* decisions should not be dismissed for failure to state a claim; show good cause why any claim based on cruel and unusual punishment, the right to life, fundamental fairness, or equal protection should not be dismissed for failure to state a claim; show good cause why any due process claim based on a *Brady* violation should not

be dismissed for failure to state a claim; show good cause why any claim under § 1983 against his defense attorneys should not be dismissed for failure to state a claim; show good cause why his claims in Counts V and VI should not be dismissed for failure to state a claim; show good cause why his claims against his probation officer should not be dismissed; and show good cause why his claim against the Johnson County Probation Office should not be dismissed for failure to state a claim. The Court ordered Plaintiff to "show good cause why all of his claims, with the exception of his malicious prosecution claims, should not be dismissed for the reasons set forth in this Memorandum and Order." (Doc. 19, at 20.)

The M&O provides that the failure to respond by the deadline will result in the dismissal of these claims. *Id*. The Court's orders extending the response deadline also cautioned Plaintiff that the failure to respond may result in the dismissal of these claims. *See* Doc. 22, at 3 ("The failure to respond by the new deadline may result in the dismissal of his claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, for failure to state a claim."); Doc. 25, at 3 ("The failure to respond by the new deadline may result in the dismissal of his claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, for failure to state a claim."). Plaintiff has failed to respond by the deadline and has failed to show good cause why his claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, should not be dismissed for failure to state a claim. Therefore, those claims are dismissed for failure to state a claim.

The only remaining claims in this case are Plaintiff's malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche. Waivers of the service of summons were sent to both Defendants on June 25, 2026. Defendant Dyche's waiver was returned on July 16, 2026.

(Doc. 21.) On August 24, 2026, Defendant Dyche filed a Motion to Dismiss (Doc. 26) and Memorandum in Support (Doc. 27). The Court's Local Rules provide that responses to dispositive motions must be filed within 21 days after the motion is served. D. Kan. Rule 6.1(d)(1). The Local Rules further provide that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.1(c).

The waiver sent to Defendant Phil G. Stein has not been returned. A plaintiff proceeding in forma pauperis—as Plaintiff is here—may rely on the Court and the United States Marshals Service ("USMS") to serve process. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "But the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service." *Pierce v. Kobach*, 2024 WL 1757163, at *3 (10th Cir. 2024) (unpublished) (quoting *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (unpublished) (citing *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1479–80 (10th Cir. 1988)); *accord Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("[T]he Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address.")). Plaintiff has the responsibility to provide the Court or the USMS with the address of the person to be served. *Fields*, 511 F.3d at 1113. Plaintiff should provide the Court with a current address for Defendant Philip G. Stein.

**IT IS THEREFORE ORDERED** that Plaintiff's claims, except for his malicious prosecution claims against Prosecutor Phil G. Stein and Detective Tom Dyche, are **dismissed** for failure to state a claim. All other Defendants, except Stein and Dyche, are dismissed from this action.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 13, 2026,** to provide the Court with a current address for service of process on Defendant Phil G. Stein.

**IT IS SO ORDERED**.

**Dated September 11, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**